UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MOHAMMAD SABEEHULLAH and ) <br> NABIL KHAN, individually and on behalf of ) <br> all others similarly situated, ) <br>       Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> FAIRLIFE, LLC, MIKE MCCLOSKEY, ) <br> and SUE MCCLOSKEY, ) <br>       Defendants. ) | CAUSE NO.: 2:19-CV-00222-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

This case was filed by Plaintiffs Mohammad Sabeehullah and Nabil Khan as individuals and on behalf of themselves and all others similarly situated in the district court based on diversity jurisdiction in a class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). As the party seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that CAFA's requirements have been met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) ("The party invoking federal jurisdiction bears the burden of demonstrating its existence." (internal citation omitted)).

The Complaint alleges that Plaintiff Mohammad Sabeehullah is a citizen of Indiana and that Plaintiff Nabil Khan is a citizen of California. (Compl. ¶¶ 2-3, ECF No. 1). The Complaint

further alleges that Defendant Fairlife, LLC is "a Delaware corporation headquartered in Chicago, Illinois," "owned by Select Milk Producers Inc. and the Coca-Cola Company," and that it "manufactures, advertises, sells, and markets" products nationwide. *Id.* at ¶ 5. Finally, the Complaint alleges that Defendants Mike McCloskey and Sue McCloskey are "residents of Indiana." *Id.* at ¶ 6.

First, Plaintiffs fail to properly allege the citizenship of Defendant Fairlife, LLC. Normally, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). However, for the purpose of determining citizenship under CAFA, limited liability companies and other business entities are treated as corporations. *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 908-09 (S.D. Ind. 2008); *see Kurth v. Arcelormittal USA, Inc.*, No. 2:09-CV-108RM, 2009 WL 3346588, at *7 n.2 (N.D. Ind. Oct. 14, 2009) (finding persuasive the reasoning in *Bond*, 571 F. Supp. 2d 905, and agreeing that "limited liability companies should be treated as unincorporated associations under CAFA" (internal citations omitted)). While corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business," *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990), pursuant to 28 U.S.C. § 1332(d)(10) the citizenship of an unincorporated association is instead determined by the state *under whose laws it is organized* and the state where it has its principal place of business. Finally, an allegation of a corporation's "headquarters" is not synonymous with an allegation of the corporation's "principal place of business." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business, not its 'headquarters.'" (internal citation omitted)). It is therefore not sufficient for Plaintiffs to allege that Fairlife, LLC is a "Delaware corporation" that is

2

"headquartered" in Illinois. Rather, Plaintiffs must allege the state under whose laws Fairlife, LLC is organized and the state where it has its principal place of business.

Second, Plaintiffs fail to sufficiently allege the citizenship of Defendants Mike McCloskey and Sue McCloskey. The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (alteration in original) (quoting *Guar. Nat'l Title Co.*, 101 F.3d at 58); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised as to the citizenship of Defendants Mike McCloskey and Sue McCloskey, not residency.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must sufficiently allege the citizenship of Defendants Fairlife, LLC, Mike McCloskey, and Sue McCloskey as outlined above. Therefore, the Court **ORDERS** Plaintiffs to **FILE**, on or before

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

**August 12, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendants as stated above.

So ORDERED this 12th day of July, 2019.

                                        s/ Joshua P. Kolar
                                        MAGISTRATE JUDGE JOSHUA P. KOLAR
                                        UNITED STATES DISTRICT COURT